**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**                             05-cr-6116 CJS

**-vs-**                                                                 **AFFIRMATION**

**VIOLETTE GAIL ELDRIDGE, MELVIN**
**RAY LYTTLE, PAUL E. KNIGHT and**
**JOHN L. MONTANA, JR.**
_____

STATE OF NEW YORK  >
COUNTY OF MONROE  >  ss.:

  Christopher S. Ciaccio, being duly sworn, deposes and says as follows:

  1.  I am an attorney licensed to practice law in the State of New York, and as such I am fully familiar with the facts and circumstances of this case.

  2.  This affirmation is submitted in support of the various forms of relief requested, and is based upon the facts as I know them and upon the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Constitution, and other pertinent statutes and law.

## INTRODUCTION

  3.  The defendant is charged with three other individuals in a multi-count Indictment that charges, in Count I, Conspiracy to commit Mail Fraud and Wire Fraud; in Counts II through VI Mail Fraud; in Count VII through IX Wire Fraud; in Count X conspiracy to commit money laundering; in Counts XI through XIII substantive money laundering offenses;  and in Count XIV, forfeiture offense.

4. Defendant Melvin Lyttle pleaded not guilty and is released pending trial.

**DISMISSAL**

5. Defendant seeks to dismiss one or more of the counts on the following grounds.

**1. VENUE**

6. Defendant moves to dismiss Count X, which alleges Conspiracy to Commit Money Laundering, for improper venue.

7. Count X details the overt acts that constitute the conspiracy. None are alleged to have occurred within the Western District for New York.

8. Federal Rule of Criminal Procedure 18 states that the government shall "prosecute an offense in a district where the offense was committed".

9. Thus venue for this Count is improper, and Count X must be dismissed.

**2. DUPLICITOUS**

10. Defendant moves to dismiss Count X as duplicitous.

11. Count X alleges Conspiracy to Commit Money Laundering, in that defendant engaged in unlawful monetary transactions which involved proceeds of Mail Fraud and Wire Fraud.

12. Thus the government would presumably go forward to prove the fraud allegations and the money laundering allegations. These are two separate crimes.

13. Accordingly, Count X is duplicitous and must be dismissed.

**3. STATUTE OF LIMITATIONS**

14. The Indictment was returned by the Grand Jury on August 18, 2005.

15. The Statute of Limitations is five years from the date the offense is committed. 18 U.S.C. § 3282.

16. No act committed prior to August 18th, 2000 should be allowed to be charged in the Indictment.

17. Nearly all of the acts set forth in the Indictment occurred prior to that date. The only acts alleged to have occurred after that date are 1) receipt by D.S. on May 16th, 2001, in Hilton, New York of a promissory note signed by Defendant Lyttle, and which forms the basis for Count VI and which is listed as an overt act in the Conspiracy count; and 2) July 5th, 2001 wire transfer from defendant Eldridge from the UTA-BVA stock brokerage account to the trust account of an attorney in Conway, WA, which is part of the overt acts of the Conspiracy count.

18. All counts based on acts occurring before August 18th, 2000 should be dismissed.

19. Judge Telesca's Suspension Order should not serve to suspend or extend the Statute of Limitation, since, upon information and belief, the application for the Order was made in bad faith. The government already had the information it was seeking from the Hungarian bank.

20. Allegedly, Defendant Lyttle had opened an account in the name of First National Equity LLC in a bank in Hungary and had made a transfer to that Hungarian account from a First Equity bank in Dallas, TX in 1999 (paragraph 52).

21. Account information was subpoenaed from Defendant Lyttle and First National Equity LLC as by the SEC on March 13, 2001 (Exhibit A).

22. All information regarding activities of the First National Equity LLC accounts, including the accounts in Hungary, were produced to the SEC. This information included all account statements.

23. Accordingly, there could have been no other purpose in the application before Judge Telesca than to halt the running of the Statute of Limitations.

24. Defendant requests an Order nullifying the effect of the suspension Order, or, allowing Defendants access to the application for the Order and a hearing on the the extent to which the government already possessed the required information prior to the application.

## PRECLUSION OF EXPERT TESTIMONY

25. The government has given notice of its intention to call two expert witnesses, Jeffrey P. Kassouf and Leonard Zawistowski, Jr.

26. Defendant requests a *Daubert* hearing as to the admissibility of the opinions of the two experts.

27. It is apparent from the reports submitted by the experts that their opinion may be inadmissible in that they offer opinion testimony on issues that are the province of the jury, namely, whether the Defendants committed fraud, whether they "bilked" the investors, whether the claims they made were "false", whether they manipulated investors, etc.

## SEVERANCE OF DEFENDANTS

28. Federal Rules of Criminal Procedure 14(a) permits the Court to Order separate trials of counts, sever the defendants trials or provide any other relief that justice requires if the joinder of offenses or defendants in an Indictment appears to prejudice a defendant.

29. Pursuant to Rule 14, Defendant Melvin Lyttle requests relief from the prejudicial joinder of defendants in the instant indictment.

30. Upon information and belief, the government will seek to have received into evidence statements made by the co-defendants which will contain information that is damaging to this defendant. Defendant will not be able cross-examine the maker of the statement, because the maker will assert his or her right against self-incrimination. Only if the trials are severed will the right of this defendant to cross-examine and confront the witnesses against him be protected.

## RULE 16 – DISCOVERY AND INSPECTION

31. In addition to the materials provided to date by the government, the defendant requests the following items:

    A. Notice pursuant to Federal Rule Criminal Procedure 12(b)(4) of what evidence the government intends to use at trial that was taken from him.

    B. Any other:

        (1) written, recorded oral or observed statement of any defendant, or attributed to any defendant (and all uncharged co-defendant or co-conspirators) including notes, summaries, or memoranda concerning such statements:

        (2) Transcript of testimony relating to this criminal action, given by any defendant, or any agent or employee of any defendant (or by any uncharged co-defendant or co-conspirator) before any grand jury:

    (3) Any hearsay evidence intended by the prosecutor to be introduced at trial;

  C. Scientific:

    (1) Any report, whether written or oral, or document or portion thereof, concerning any physical or mental examination or scientific test or experiment relating to this case;

  D. Identification:

    (1) Any visual or audio identification procedures utilized in this case, specifying the procedure, the participants, and the circumstances; any visual or audible representation of a person or voice sued for identification purposes.

  E. Law Enforcement Documents:

    (1) All police reports, complaints, evidence logs, interdepartmental memos, or other documents maintained by any state or local police or law enforcement agency relevant to any of the action or conduct referred to in the indictment or considered by the Grand Jury in bringing the within indictment, or which are intended for the use a trial or to be relied upon at trial in the presentation of the case or obtained for use in the examination of any defendant or witness. This request includes criminal history information related to any defendant and any potential witness and any documents concerning any alleged offenses underlying the Indictment;

    (2) All investigative reports or documents prepared by the United States government or any agencies including the SEC or persons operating on its behalf relating to the conduct charged in the present indictment or considered by the Grand Jury in bringing the Indictment or which are intended for use at trial or to be relied upon at trial in the presentation of the case or obtained for use in the examination of any defendant or witness. This request includes criminal history information related to any and nay potential witness, and any documents concerning any alleged offense underlying the Indictment.

  F. Tapes, Photographs:

    (1) Copies of all video or audio tapes made in connection with the investigation by any agency;

    (2) A precise description of the form and location of the original recordings, and the process by which the current copy was created:

    (3) Any photographs made in connection with the case;

    (4) Any additional charts, graphs, maps or drawings related to the investigation and prosecution of this case.

  G. Favorable information:

    (1) All material evidenced or information, whether admissible at trial or not, whether regarding facts or occurrences or the absence of facts or occurrences, known to the prosecutor or which could become known upon diligent inquiry, which is in any way favorable to any defendant, whether by detracting from the prosecution's case or the credibility of the prosecution's witnesses, or supportive of the positions urged, or likely to be urged, by any defendant at any stage of the proceedings.

  H. Expert testimony:

    (1) Pursuant to Federal Rule Criminal Procedure 16(a)(1)(G), a written summary of expert testimony that the government intends to use in its direct case, said expert's qualifications, and the basis of the expert's opinion, including the underlying data and predicate materials which substantiate the reliability of any testing procedures, whether or not the expert files a report.

## BRADY MATERIALS

32. Defendant requests all materials required to be produced under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Further, defendant requests that the government fulfill its duties under Kyles v. Whitley, 115 S.Ct. 1555, 1567 (1995), including but not limited to the duties of the government's attorney to ascertain whether there exist exculpatory and/or impeachment materials in the possession of, and/or pertinent to, local law enforcement officers involved in the investigation resulting in the instant action.

33. Accordingly, the defendant requests production and disclosure of all materials potentially favorable to him, including but not limited to the following:

  A. Evidence which is exculpatory in nature, including but not limited to information, documents, materials or any other evidence which is even only arguably potentially favorable to the defendant;

  B. Evidence which may be used to impeach the credibility of government witnesses, including, but not limited to:

   (1) plea agreements, promises of immunity, leniency, financial assistance or other forms of assistance to any witness;

   (2) prior criminal record(s) or other acts of misconduct of any witness;

   (3) evidence tending to show that any government witness has previously committed perjury;

   (4) prior inconsistent statements of any government witness;

   (5) confidential files of any government informant(s), insofar as said files contain impeachment material;

   (6) "Rap sheets" of any government witness, including the criminal records of informant(s);

   (7) prior testimony of any government witness which contains inconsistent statements or evidence of a witness's prior bad acts;

   (8) materials relating to the character of any government witness, including all law enforcement memoranda, reports, documents, etc., critical of the witness or her credibility;

   (9) evidence that any government witness has a history of drug or alcohol abuse, including the results of drug tests conducted during the period of time the witness/informant was working for the government;

   (10) evidence that any government witness has a history of psychiatric treatment;

   (11) federal, state or local pre-sentence reports done in connection with any governmental witness;

   (12) the parole, probation and/or supervised release status of any government witness;

   (13) any promises to a government witness regarding tax or administrative liability, or help in forfeiture proceedings;

   (14) money or any other award, including living expenses, medical expenses or transportation expenses, provided to any government witness;

   (15) involvement/participation in any witness protection program;

   (16) threats or other information provided to any informant(s) or witness(es) regarding the implications of a failure to testify;

   (17) tax returns of any government witness which indicate that the witness has failed to comply with tax laws;

   (18) reports of polygraph tests, including oral as well as written reports of examiners, and all charts examined in connection therewith;

   (19) evidence that a government witness was the target of any criminal or civil investigation;

   (20) All benefits, such as free telephone service, contact and conjugal visits, alcohol, clothing, declination of prosecution for drug use, etc.; and

>> (21) all material which tends to impeach any government witness.

34. All proffers and statements made by witnesses in negotiating a cooperation agreement with the government, along with information revealing the negotiation process, must be disclosed under *Brady*.

35. The defendant specifically demands the disclosure of the above materials relating to any non-testifying co-conspirators.

36. In addition to the above, the defendant specifically requests all materials of any sort that incriminate any and all co-defendants.

## BILL OF PARTICULARS

37. The defendant requests an Order, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, requiring the government to provide a written bill of particulars as requested herein.

38. The required bill of particulars is necessary to enable the defendant: (1) to prepare for trial; (2) to prevent unfair surprise at the time of trial; (3) to preclude successive prosecutions; and (4) to determine whether certain defenses are available.

39. The defendant requests the following particulars:

>> A. Counts I through X: Defendant demands a list of all unindicted co-conspirators, regardless of whether the government intends to call any co-conspirator as a witness at trial;

>> B. regarding Count I, as to paragraphs numbered 3,4,5,7,8,9,10,11,12,13,14 and 16, which of the charged defendants allegedly made false representations, and/or material omissions;

>> C. regarding Count I, as to paragraphs numbered 17, 18, 19 and 20, which of the charged defendants allegedly told or required the investors to do something;

40. Whether to grant a Bill of Particulars rests within the sound discretion of the district court. A Bill of particulars is particularly important in complex and multi-count cases. The fact that evidentiary details or the government's theory of the case may be revealed is insufficient reason to deny a reasonable request for a Bill of Particulars.

## JENCKS ACT MATERIALS

41. The defendant moves for an order requiring production of Jencks Act materials, as follows:

> A. The Defendant moves for production of all statements and reports in the possession of the United States which were made by government witnesses or prospective government witnesses and which relate to the subject matter about which those witnesses may testify, as per the Jencks Act, 18 U.S.C. section 3500, and Rule 26.2, Federal Rules of Criminal Procedure.
> B. The term "statements" shall include:
> >    (1)   any written statement made by a witness and signed or otherwise adopted or approved by him;
> >    (2)   stenographic, mechanical, electronic or other recording, or transcriptions thereof, which are a substantially verbatim recital of an oral statement made by a witness and recorded contemporaneously with the making of such oral statement; and
> >    (3)   a statement, however taken or recorded, or a transcription thereof, if any, made by a witness to a grand jury.
> C.   The Defendant seeks production of said statements prior to trial for the purposes of judicial economy, to expedite discovery and the trial of this case, and to avoid potential problems on the issue of whether all material has been tendered pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963) and its progeny. Although a District Court may not ordinarily compel disclosure of Jencks material prior to the conclusion of a witness's direct examination, early disclosure of Jencks material obviates trial interruptions and permits defense counsel to study the disclosures.

## RULES 404(B), 608 & 609

42. Pursuant to Rules 12(b)(4), and (d)(1) and (2) of the Federal Rules of Criminal Procedure and Rules 104(a) and 404(b) of the Federal Rules of Evidence, the defendant respectfully requests that the Government notify the defendant of any evidence

that the government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence.

43.  In order to permit the defendant the opportunity to file appropriate motions prior to trial, he requests that he be fully apprised of "evidence of other crimes, wrongs, or acts" or transactions involving the defendant outside the scope of the indictment the government will seek to introduce to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Rule 404(b), Federal Rule of Evidence.

44.  The defense should be put on notice of the exact nature of this evidence, the witnesses pertaining thereto, the documents in support thereof, and the theory upon which the government asserts that admissibility rests.  By so notifying the defense in advance of trial, the defendant can file appropriate motion(s) in limine prior to trial and afford the Court the occasion to make pretrial determinations regarding the admissibility of any potential Rule 404(b) evidence proffered by the prosecution.

## PRESERVATION OF ROUGH NOTES

45.  Defendant moves for an Order of this Court requiring all government agents and officers who participated in the investigation of the defendant in this case to retain and preserve all rough notes taken as part of their investigation whether or not the contents of the notes are incorporated in official records.

46.  This motion is made so that the trial court can determine whether disclosure of the notes is required under Brady.

47.  This motion is intended to put the government and its agents on notice that, from this point on, any and all rough notes referred to above should be preserved.

## RESERVATION OF RIGHTS

48. The defendant respectfully requests the opportunity to supplement this pleading should the government's response raise additional issues of fact or law not sufficiently addressed herein. Likewise, the defendant may seek to join in any motions filed by his co-defendants that are not inconsistent with the requests herein.

## FURTHER RELIEF

49. The defendant respectfully reserves the right to make further and additional motions which may be necessitated by the court's rulings on the relief sought herein.

50. The specific requests contained in these motions are not meant to limit or preclude future requests b the defendant for further relief from this court as appropriate.

51. The defendant requests that this Court grant such other and further relief as is just and proper.

Sworn as to the truth of the foregoing allegations under penalty of perjury this 1st day of March, 2007.

s/ Christopher S. Ciaccio
CHRISTOPHER S. CIACCIO
Christopher S. Ciaccio
Attorney for the Defendant - Lyttle
30 West Broad Street, Suite 400
Rochester, New York 14614