AO 245B     (Rev. 12/03) Judgment in a Criminal Case
            Sheet 1

KJC:caf (11344)

# UNITED STATES DISTRICT COURT

__WESTERN__   District of   __NEW YORK__

UNITED STATES OF AMERICA
V.

MELVIN RAY LYTTLE

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  6:05-CR-06116-002
USM Number:   07962-028

Christopher S. Ciaccio
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)   1 - 13
   after a plea of not guilty.

*[FILED stamp: NOV 8 2010, MICHAEL J. ROEMER, CLERK, WESTERN DISTRICT OF NY, UNITED STATES DISTRICT COURT]*

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy to Commit Mail and Wire Fraud | 07/05/2001 | 1 |
| 18:1341 | Mail Fraud | 07/05/2001 | 2 - 6 |
| 18:1343 | Wire Fraud | 07/05/2001 | 7 - 9 |
| 18:1956(h) | Money Laundering Conspiracy | 07/05/2001 | 10 |
| 18:1956(a)(1)(A)(i) | Money Laundering | 03/06/2000 | 11 |
| 18:1956(a)(1)(A)(i) | Money Laundering | 08/02/2000 | 12 |
| 18:1956(a)(1)(A)(i) | Money Laundering | 12/22/2000 | 13 |

    The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 29, 2010
Date of Imposition of Judgment

*/s/ Charles J. Siragusa*
Signature of Judge

Honorable Charles J. Siragusa, U.S. District Judge
Name and Title of Judge

11-8-10
Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

KJC:caf(11344)

| | |
|---|---|
| DEFENDANT: | MELVIN RAY LYTTLE |
| CASE NUMBER: | 6:05-CR-06116-002 |

Judgment — Page  2  of  6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **Count 1: Sixty (60) Months, Counts 2 - 13: One Hundred Sixty-Eight (168) Months, to run concurrently to Count 1 and to Each Other.**

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant shall serve his sentence at a suitable Bureau of Prisons facility to address the defendant's medical needs.

The defendant shall serve his sentence at a suitable Bureau of Prisons facility as close to Cincinnati, Ohio as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:      MELVIN RAY LYTTLE
CASE NUMBER:    6:05-CR-06116-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
**Three (3) Years on Each Count, to Run Concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| AO 245B | (Rev. 12/03) Judgment in a Criminal Case | KJC:caf(11344) |
|---|---|---|
| | Sheet 3C — Supervised Release | |

Judgment—Page __4__ of __6__

DEFENDANT: MELVIN RAY LYTTLE
CASE NUMBER: 6:05-CR-06116-002

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information. If restitution or forfeiture is owed, the defendant shall notify the U.S. Probation Office of any assets received and shall not disburse her interest in any assets, including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office.

The defendant shall not incur any form of debt including, but not limited to, use of existing credit cards, new credit cards, lines of credit, mortgages or private loans without the approval of the U.S. Probation Office.

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based on reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

KJC:caf (11344)

Judgment — Page  5  of  6

DEFENDANT:         MELVIN RAY LYTTLE
CASE NUMBER:       6:05-CR-06116-002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment**                          | **Fine** | **Restitution** |
|--------|-----------------------------------------|----------|-----------------|
| TOTALS | $ 100 on Each Count<br>$1,300 Total     | $ 0      | $ 13,615,012    |

☐ The determination of restitution is _____. An *Amended Judgment in a Criminal Case* (AO 245C) will after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|

**List to be Provided to Clerk's Office**

| TOTALS | $ 13,615,012 | $ 13,615,012 |
|--------|--------------|--------------|

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived   ☐ fine   ☒ restitution.

  ☐ the interest requirement   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

KJC.caf (11344)

Judgment — Page   6   of   6

DEFENDANT:     MELVIN RAY LYTTLE
CASE NUMBER:   6:05-CR-06116-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment _____ due immediately, balance due

   ☐  not later _____ , or
   ☐  in accordance   ☐ C   ☐ D,   ☐ E, or   ☐ F below; or

B  ☒  Payment to begin immediately (may be   ☐ C,   ☐ D,   ☒ F below); or

C  ☐  Payment in _____ (e.g., weekly, monthly, quarterly) _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment;

D  ☐  Payment in _____ (e.g., weekly, monthly, quarterly) _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment term of supervision; or

E  ☐  Payment during the term of supervised release will _____ (e.g., 30 or 60 days) after release imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
   The Special Assessment is due, in full, immediately.

   While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter. If assigned grades 1 through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's monthly pay. Any portion of restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervised release. At that time, the defendant shall make monthly restitution payments at a rate of at least 10% of monthly gross income. Payments are to be in the form of a money order payable to Clerk, U.S. District Court, 68 Court Street, Room 304, Buffalo, New York 14202.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   **Gail Eldridge**      **6:05-CR-06116-001**           Paul Knight      6:05-CR-06116-003
   **John Montana**       **6:05-CR-06116-004**

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
   **Count XIV is a forfeiture allegation regarding the sum of $22,675,119.56 or any property involved in the offenses of conviction set forth in Counts 10 through 13 and all property of the defendant up to the value of any property described above.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.